UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

February 6, 2007

RE:   Lorraine, et al v. Markel American Insurance Company
       PWG-06-1893

### LETTER ORDER

This case has been referred to me for all proceedings with the consent of the parties. Paper No. 13. Currently pending are the parties' cross-motions for summary judgment asking the Court to enforce the arbitration award issued by Arbitrator Robert A. Noyce on June 12, 2006.[1] Paper Nos. 16, 19, 21, and 22 . For the reasons stated herein, both motions for summary judgment will be DENIED without prejudice.

It appears that, on May 17, 2004, the yacht "Chessie" was struck by lightning while anchored in the Chesapeake Bay.  Compl. ¶ 5; Answer ¶ 2.  Plaintiffs filed a claim with Defendant, their insurance carrier, who evaluated the damage and processed the claim. Defendant then made payment to Plaintiffs in accordance with their policy. Compl. ¶ 6; Answer ¶6.  This would have been the end of the story had Plaintiffs not discovered additional damage to Chessie's hull when they pulled her from the water several months later. Plaintiffs attributed this damage to the May 2004 lightning strike and sought to have the repairs covered by their insurance policy. Compl. ¶ 7.  Defendant, however, denied that the hull damage was covered under Plaintiffs' policy, and initiated a declaratory judgment action in the United States District Court for the Middle District of Pennsylvania seeking confirmation of that position. Compl. ¶ 13; Answer ¶ 15. The parties ultimately entered into an arbitration agreement and voluntarily dismissed the Pennsylvania case. Compl. ¶ 15; Answer ¶ 17.

This litigation represents a dispute between the parties over the terms of that arbitration agreement. In their cross-motions for summary judgment the parties ask the Court to interpret the agreement to determine whether the arbitrator was authorized to evaluate and award damages to Plaintiffs. In doing so, the parties have provided the Court with purported facts regarding the negotiation of the arbitration agreement, and documents purporting to be: (1) the arbitration

---

[1] On February 2, 2007, Counsel for Plaintiffs notified my chambers that the parties had reached a settlement agreement in this case. This notice came after the Court had spent a substantial amount of time evaluating the evidentiary issues associated with the parties' motions. Because the case was dismissed by a Local Rule 111 dated February 2, 2007, this Letter Order is hereby issued *nunc pro tunc* to February 1, 2007.

agreement; (2) the arbitration award; and, significantly (3) various emails relating to the negotiations over the terms of the arbitration agreement between the parties by their counsel. The parties support their conflicting interpretations of the arbitration agreement by referring to these documents.

Unfortunately, the Court cannot consider many of the facts or any of the evidence proffered by the parties in support of their respective motions because Rule 56(c) of the Federal Rules of Civil Procedure requires that any motion for summary judgment be supported by *admissible* evidence, none of which has been presented for the Court's consideration. FED. R. CIV. P. 56(c)(emphasis added). *See also Runnebaum v. NationsBank*, 123 F.3d 156, 163 (4th Cir. 1997), *overruled on other grounds by Bragdon v. Abbott*, 524 U.S. 624 (1998); *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 817-818 (4th Cir. 1995); *Miskin v. Baxter Healthcare Corp., et al*, 107 F.Supp.2d 669, 671 (D.Md. 1999)(Grimm, J.). Preliminary questions regarding the admissibility of evidence are determined by the Court. FED. R. EVID. 104(a). Here, I find that none of the facts regarding the negotiation of the arbitration agreement, recited *ipse dixit* by counsel in their respective motions, can be considered because those facts are not supported affidavits or "the pleadings, depositions, answers to interrogatories, and admissions on file." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986), *citing* FED. R. CIV. P. 56. The Court likewise cannot consider any of the exhibits attached to the parties' respective motions because none have been authenticated under Federal Rule of Evidence 901(a), or shown not to be excluded from the definition of hearsay under Rule 801(d)(1) and (2), or to qualify as an exception to the hearsay rule under Rules 803 or 804.

Although the need to provide admissible evidence to support a motion for summary judgment under Rule 56 is well established as set forth above, the procedure for establishing the admissibility of electronically stored information ("ESI"), such as the email proffered as evidence in this case, is less than clear. Because the admissibility of ESI is significant for the purposes of both summary judgment practice and trial, the Court finds that the bench and bar will benefit from a more in depth discussion of this issue, and reserves the right to file a memorandum opinion discussing the same at a later date. In the interim, the parties' respective motions for summary judgment are DENIED, without prejudice. Because counsel have advised the Court that they have settled the case, no further proceedings will be scheduled at this time.

Although informal, this is an Order of the Court and shall be docketed as such.


               /S/
             Paul W. Grimm
          United States Magistrate Judge


kmw